IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

Owners Insurance Company,

              Plaintiff,      Case No. 1:19-cv-04535

v.                                 Michael L. Brown
                                    United States District Judge

Keith Lackey and Julie Thomason,

              Defendants.

_____/

**<u>OPINION & ORDER</u>**

Plaintiff Owners Insurance Company seeks a declaratory judgment, clarifying its obligations to defend or indemnify Defendant Keith Lackey in a pending state court insurance action brought by Defendant Julie Thomason. She moves to dismiss. (Dkt. 10.) The Court denies her motion.

## I. Factual Background

In July 2019, Defendant Thomason sued Defendant Lackey in state court in Newton County, Georgia, for injuries she sustained in a car accident while riding as a passenger in a vehicle Keith Lackey was driving. (Dkt. 1 ¶¶ 9–10.) In her state court insurance suit, Defendant

Thomason alleges she sustained severe and ongoing physical injuries, mental anguish, and emotional distress as a result of Keith Lackey's negligence in the crash.  (*Id.* ¶ 11.)  She seeks damages for her injuries, along with punitive damages.

At the time of the accident, Keith Lackey drove a vehicle owned by *Christopher* Lackey, his brother and a non-party to this suit.  (*Id.* ¶ 21.)  Christopher Lackey insured the vehicle through a policy with Plaintiff Owners Insurance Company and is the only named insured on the policy, not Defendant Keith Lackey.  (*Id.* ¶¶ 25–27.)  And though they are related, Defendant Keith Lackey did not reside with his brother Christopher at the time of the crash.  (*Id.* ¶ 22.)

According to the allegations in the complaint, not only did Defendant Keith Lackey not have approval to operate his brother's car at the time of the accident, but Christopher Lackey had explicitly withheld permission to drive it.  (*Id.* ¶¶ 23–24.)  And despite being served with notice after Thomason sued him, Keith Lackey failed to forward the suit to Owners Insurance and never notified it of the lawsuit — or even of the accident — as required under the insurance policy.  (*Id.* ¶¶ 15–16, 18.)  But Defendants Thomason and Keith Lackey seek a defense or

indemnification from Owners Insurance under Christopher Lackey's insurance policy coverage. (*Id.* ¶ 28.)

In response to Defendant Keith Lackey's attempt to obtain coverage, Owners Insurance sent him a letter, reserving its rights to contest coverage for the claims asserted in the pending state court action but still retaining counsel to defend him. (*Id.* ¶¶ 29–30.)  In its federal suit here, Owners Insurance seeks clarification on its obligations, alleging the insurance policy affords no coverage to Defendant Keith Lackey and thus it has no duty to defend or indemnify him. (*Id.* ¶ 31.) The uncertainty arises from whether Keith Lackey qualifies as a covered "relative" under the policy; whether Christopher Lackey, as the named insured, explicitly gave or withheld permission to use the car; and whether the policy's prompt notice requirements were satisfied to trigger coverage. (*Id.* ¶¶ 32–34.)

Because of this doubt around coverage, Owners Insurance sued both Julie Thomason and Keith Lackey, seeking a declaration from the Court that it has no duty to defend or indemnify Keith Lackey in the state court action. (Dkt. 1.) Defendant Keith Lackey failed to respond to this suit and the Clerk has since entered default against him. (Dkt. 8.)

3

Defendant Thomason has now moved to dismiss, arguing no actual justiciable case or controversy exists. (Dkt. 10.)

## II. Legal Standard

### A. Motion to Dismiss

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). At the motion to dismiss stage, a court accepts all well-pleaded facts accepted as true and construes all reasonable inferences in the light most favorable to the plaintiff as the nonmovant. *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1273 n.1 (11th Cir. 1999). Detailed factual allegations are not required, but a pleading must offer more than "labels and conclusions" or "a formulaic recitation of the elements of the cause of action." *Twombly*, 550 U.S. at 555.

### B. Declaratory Judgment

The Declaratory Judgment Act provides that "any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). But in all cases arising under the Act, "the threshold question is whether a justiciable controversy exists." *Atlanta Gas Light Co. v. Aetna Cas. & Sur. Co.*, 68 F.3d 409, 414 (11th Cir. 1995). "This 'controversy' must be more than mere conjecture and must 'touch the legal relations of parties having adverse legal interests.'" *Id.* "Whether such a controversy exists is determined on a case-by-case basis and by the totality of the circumstances." *Am. Ins. Co. v. Evercare Co.*, 699 F. Supp. 2d 1355, 1358 (N.D. Ga. 2010) (internal quotations omitted). In determining whether a plaintiff has met its burden of establishing the requisite controversy, courts must "look to the state of affairs as of the filing of the complaint; a justiciable controversy must have existed at that time." *Atlanta Gas Light*, 68 F.3d at 414.

### III. Discussion

Plaintiff Owners Insurance Company seeks a declaration from the Court, clarifying whether it has any obligation to defend Defendant Keith

Lackey in the pending state court action. Defendant Julie Thomason argues Owners Insurance's complaint is subject to dismissal because it issued a reservation of rights letter — a position to which it is now "committed" — and thus no actual controversy exists. (Dkt. 10 at 3.) The Court disagrees.

Under the Declaratory Judgment Act, 28 U.S.C. § 2201, an insurance company may seek a declaration from the federal district courts about whether it has a duty to defend or indemnify a party in an underlying liability lawsuit. *See, e.g.*, *Bitco Gen. Ins. Corp. v. Kelluem*, No. CV 116-168, 2017 WL 5244803, *4 (S.D. Ga. May 4, 2017). And Owners Insurance has expressed uncertainty about its duty to defend or indemnify Defendant Keith Lackey. It has made no final coverage determinations about either duty. And the reservation of rights letter sent to Defendant Keith Lackey made this clear:

> At this time, there are *serious questions* as to whether you are entitled to insurance coverage under this policy for the injuries and damages arising out of the automobile accident that forms the basis of this claim and the above-referenced lawsuit filed by Julie Thomason.
>
> [. . .]
>
> For these reasons, . . . Owners Insurance Company will be continuing its investigation into the subject accident and the

> claims asserted against you, take whatever steps are necessary to protect our mutual interests, and provide a defense to you in the above-referenced lawsuit, with the understanding that we do so under a complete reservation of rights under the above-referenced policy, and without waiving our right to disclaim or deny coverage in the future.
>
> [. . .]
>
> Owners Insurance Company also expressly reserves the right to withdraw from the defense of this litigation should it be determined that no coverage exists. To that end, Owners Insurance Company may file an action for declaratory judgment in order to resolve the outstanding coverage issues. In that action for declaratory judgment, Owners Insurance Company would seek a determination from a court of appropriate jurisdiction as to whether the claims asserted against you in the above-styled lawsuit are covered under any insurance contract issued by Owners Insurance Company.

(Dkt. 1-4 at 6–7 (emphasis added).) Although Owners Insurance is now defending Keith Lackey in the state court action, it is contesting its obligation to do so and seeks from the Court a clarification of those obligations. The Court thus disagrees with Defendant Thomason's contention that no case or controversy exists in this declaratory judgment action. *See Travelers Indem. Co. of Am. v. Williams*, No. 1:09-cv-01537-JOF, 2011 WL 13176104, at \*3 (N.D. Ga. Mar. 16, 2011) (allowing declaratory judgment action to proceed where insurer "agreed to defend

under a reservation of rights" and "positively demonstrated its belief that coverage is still at issue").

In support of her motion to dismiss, Defendant Thomason argues that "[i]f the insurer has made a determination to reserve rights or to deny coverage it cannot later avail itself of the declaratory judgment to ratify its coverage decision and duties with respect to the policy." (Dkt. 10 at 4.)  But that statement contradicts Georgia law, which has a "strong policy preference for defending possible insureds while filing a declaratory judgment to clarify coverage."  *Dunn v. Columbia Nat'l Ins. Co.*, 418 F. Supp. 3d 1192, 1203 (N.D. Ga. 2019).

She also cites *United Specialty Insurance Co. v. Cardona-Rodriguez* to support her argument that no case or controversy exists.  835 S.E.2d 1 (Ga. Ct. App. 2019).  But those facts do not match up.  In that case, the insurer did issue a reservation of rights letter, but its "conduct in defending under a reservation of rights [did] nothing to create a justiciable controversy."  *Id.* at 5.  Instead, the insurer admitted policy coverage up to a $25,000 limit but "steadfastly denied coverage over that amount, without qualification. [The insurer] has *no uncertainty* with regard to its duty to defend and asserted none in its petition for

declaratory judgment." *Id.* There simply was no uncertainty giving rise to a justiciable case or controversy.

In contrast, Owners Insurance questions its duty to defend or indemnify Defendant Keith Lackey. And it has made no final or definitive determinations about insurance coverage for either. Instead, it has elected to provide representation in the pending state court action under a reservation of rights, while the Court decides the outstanding questions of insurance coverage. *See Williams*, 2011 WL 13176104, at *2–3. This is the prototypical fact pattern for a declaratory judgment action filed by a "diligent insurer." *See Dunn*, 418 F. Supp. 3d at 1203 (contrasting "more diligent insurers" that properly filed declaratory judgment actions with one that "blatantly ignored Georgia's strong policy preference" by failing to seek declaration).

Taking the allegations in the complaint as true — as the Court must on a motion to dismiss — this case concerns an actual live controversy that is concrete and particularized: whether Plaintiff Owners Insurance Company is contractually obligated to defend or indemnify Defendant Keith Lackey against Defendant Julie Thomason in the pending state

action. Because of this, Defendant Julie Thomason's motion to dismiss lacks merit and must be denied.

## IV. Conclusion

The Court **DENIES** Defendant Julie Thomason's Motion to Dismiss (Dkt. 10).

**SO ORDERED** this 4th day of June, 2020.

_____
MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE